UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY DOWADAIT,
as Personal Representative of the Estate                          CASE NO. 04-CV-71124-DT
of ROGER DOWADAIT, Deceased,                                     HON. LAWRENCE P.
                                                                ZATKOFF

       Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 30, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Extend Discovery (Docket #45) and

Defendant's Motion for Reconsideration and/or Other Relief (Docket #51). Defendant has filed a

response to the Motion to Extend Discovery, and the deadline for Plaintiff to reply has expired. No

response to the Defendant's Motion for Reconsideration is permitted. The Court finds that the facts

and legal arguments pertinent to Plaintiff's Motion to Extend Discovery and Defendant's Motion

for Summary Judgment are adequately presented in the parties' papers, and the decisional process

will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is

hereby ORDERED that the motion be resolved on the briefs submitted, without this Court

entertaining oral arguments. For the reasons that follow, Plaintiff's Motion to Extend Discovery is

GRANTED IN PART and DENIED IN PART, Defendant's Motion for Reconsideration is

DENIED, and this case is STAYED until further order of the Court.

## II.  OPINION

The facts pertinent to the Defendant's motion are set forth in detail in the Court's Opinion and Order dated May 9, 2005.

### A.      Motion for Reconsideration

In the May 9, 2005, Opinion and Order, the Court granted in part and denied in part Defendant's motion for summary judgment.  In the instant motion, Defendant argues that the Court erred to the extent that it denied certain matters in Defendant's motion for summary judgment. A motion for reconsideration is governed by E.D. MICH. LR 7.1(g)(3), which states,  "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  The Court finds that Defendant's Motion for Reconsideration merely presents the same issues that were already addressed by the Court in its May 9, 2005, Opinion and Order.  Therefore, Defendant's Motion for Reconsideration is denied.

### B.      Stay of Proceedings

In the alternative, Defendant asks the Court to stay the proceedings in this matter until such time as the Michigan Supreme Court renders opinions in two cases before that court.  Defendant argues that those two cases (*Devilliers v. ACII* and *Griffith v. State Farm Mut. Auto. Ins. Co.*) involve issues and may overturn several cases which this Court relied on in denying Defendant's motion for summary judgment with respect to the one-year-back rule and the right to room and board expenses.  The Court has reviewed the issues involved in the *Devilliers* and *Griffith* cases. The Court has confirmed that both cases have been argued before Michigan Supreme Court and are awaiting the issuance of opinions.  The Court also has determined that the Michigan Supreme Court's decisions in those case likely will be controlling in the issues before this Court with respect to the one-year-back rule and the right to room and board expenses.  Accordingly, the Court is

2

persuaded that the interests of justice, including judicial economy of this Court and having Michigan laws determined by Michigan courts, dictate staying this case until such time as the Michigan Supreme Court issues its opinions in both the *Devilliers* and *Griffith* cases (except for such depositions to be scheduled and taken, as set forth in part D. below).

**C.     Leave to Appeal**

Defendant also asks the Court to amend its May 9, 2005, Opinion and Order to permit Defendant to file an application for leave to appeal to the Sixth Circuit Court of Appeals regarding certain issues.  As set forth above, the material issues involved in this case involve Michigan law and such issues are being addressed by the Michigan Supreme Court at this time and this case is being stayed for purpose of allowing the Michigan Supreme Court to address those issues.  The Court does not find that granting leave to appeal to the Sixth Circuit would further the interests of judicial economy or interpretation of the relevant issues.    Accordingly, the Court denies Defendant's request to amend the May 9, 2005, Opinion and Order to permit Defendant leave to appeal any issues to the Sixth Circuit.

**D.     Motion to Extend Discovery**

Plaintiff desires to take the depositions of five employees of the Defendant who were identified by Linda Swagler in a deposition taken after the discovery period expired.  Four of the employees, Rhonda Davidson-White, Rhonda Flournoy, Stacey Sherek and Norah Cimaglia, worked in Defendant's Livonia office in the personal injury protection benefits division with Linda Swagler. The fifth employee, Gregg Bange, is in charge of personal injury protection benefits operations in the State of Michigan.

On the basis of the parties' arguments, the Court is persuaded that the Plaintiff may take the depositions of the four employees who worked in the Livonia office with Linda Swagler (Rhonda Davidson-White, Rhonda Flournoy, Stacey Sherek and Norah Cimaglia), provided that the inquiries of each such deposition shall be limited to the substance of the deposition testimony of Linda Swagler pursuant to which such person was named.  Therefore, the Court grants Plaintiff's motion

3

to extend discovery with respect to Rhonda Davidson-White, Rhonda Flournoy, Stacey Sherek and Norah Cimaglia. The Court's order to stay this case does not apply to the depositions for these four persons, and the Court ORDERS that such depositions be scheduled and taken as soon as possible.

The Court does not find, however, that Plaintiff has demonstrated that the interests of justice dictate that the deposition of Gregg Bange is necessary at this time. Accordingly, the Court denies Plaintiff's motion to extend discovery with respect to Gregg Bange, without prejudice.

## III. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion for Reconsideration is DENIED. In addition, Plaintiff's Motion to Extend Discovery is GRANTED IN PART and DENIED IN PART and, except for the four depositions to be taken as set forth in Section II.D. above, this case is HEREBY STAYED until such time as the Michigan Supreme Court renders its decisions in both the both the *Devilliers* and *Griffith* cases.


IT IS SO ORDERED.



s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 30, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

4