UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY DOWADAIT,
as Personal Representative of the Estate
of ROGER DOWADAIT, Deceased,

CASE NO. 04-CV-71124-DT
HON. LAWRENCE P. ZATKOFF

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 18, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Brief Regarding Room and Board Expenses, Tolling and Fraud (Docket #58) and Defendant's Brief Regarding the One-Year Back Rule (Docket #59), both of which supplement Defendant's Motion for Reconsideration and/or Other Relief (Docket #51). Plaintiff has filed a response brief with respect to each of the aforementioned briefs, and Defendant has filed a reply brief with respect to Plaintiff's response to Defendant's Brief Regarding Room and Board Expenses, Tolling and Fraud. Defendant also has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket #72), to which Plaintiff has responded and Defendant has replied. The Court finds that the facts and legal arguments pertinent to the issues before the Court are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby

ORDERED that the issues be resolved on the briefs submitted, without this Court entertaining oral arguments.

## II. BACKGROUND

The facts pertinent to the issues discussed herein are set forth in detail in the Court's Opinion and Order dated May 9, 2005, wherein the Court granted in part and denied in part Defendant's Motion for Summary Judgment. Upon receipt of Defendant's "Motion for Reconsideration and Other Relief," the Court issued a second Opinion and Order in which the Court, among other things, stayed the proceedings in this Court pending decisions by the Michigan Supreme Court in two cases. The cases of *Griffith v. State Farm Mut. Auto. Ins. Co.* (addressing reimbursement for room and board expenses) and *Devilliers v. ACII* (addressing the "one-year back rule") were expected to be dispositive of key issues in this case. The Michigan Supreme Court has since ruled on both issues and the parties have filed supplemental briefs. The Court now addresses the effect of the *Griffith* and *Devillers* decisions on the Court's prior rulings. The Court also will address summarily the subsequent motion filed by Defendant titled "Motion to Dismiss for Lack of Subject Matter Jurisdiction."

## III. OPINION

**A.     Room and Board Expenses**

The first issue for the Court to revisit is whether Plaintiff is entitled to make a room and board claim under the Michigan No-Fault Act following the Michigan Supreme Court's decision in *Griffith v. State Farm Mutual Automobile Ins. Co.*, 472 Mich. 521 (2005). Because this question is one of statutory interpretation, it is a question of law. *See Jenkins v. Patel*, 471 Mich. 158 (2004).

In *Griffith*, the plaintiff argued that the no-fault insurer should be required to pay the insured's food costs as an "allowable expense" pursuant to the Michigan No-Fault Act. The Michigan Supreme Court interpreted the relevant sections of the No-Fault Act, MCL § 500.3105(1)

and MCL § 500.3107(1)(a), and in a 4-3 ruling on this controversial topic held that the no-fault insurer was *not* required to reimburse the plaintiff for the insured's food costs. *See Griffith v. State Farm*, 472 Mich. at 540.

Plaintiff argues that the Court should not apply *Griffith* to the present request for room and board because the *Griffith* court only addressed a claim for food expenses and that if the *Griffith* court had determined that room and board expenses were not allowable, they would have addressed that issue.[1] Plaintiff also suggest that this Court should continue to look to and apply *Manley v. DAIIE*, 425 Mich. 140 (1986).

Despite Plaintiff's assertion, the Court's approach in *Manley* is not applicable to the present dispute regarding room and board. In *Manley*, the Court clearly stated that it was *not* addressing the question "whether food, shelter, utilities, clothing, and other such maintenance expenses are an allowable expense when the injured person is cared for at home." *Id.* at 152-53. It further stated that the "opinion of the Court of Appeals on that question shall not be regarded as of precedential force or effect." *Id.* The Court in *Griffith* offers further support for this position. *See Griffith v. State Farm*, 472 Mich. at 528 ("When *Manley* was appealed to this Court, we effectively vacated the Court of Appeals room and board analysis."). For these reasons, Plaintiff's reliance on *Manley* is misplaced. The Court therefore looks to *Griffith* for the appropriate statutory analysis.

*1.     MCL § 500.3105(1)*

In its opinion, the *Griffith* Court thoroughly explained its interpretation of the relevant sections of the Michigan No-Fault Act. MCL § 500.3105(1) states: "Under personal protection insurance an insurer is liable to pay benefits for *accidental bodily injury* arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." *Griffith v. State Farm*, 472 Mich. at 526 (emphasis in original). MCL § 500.3107(1)(a) states:

---

[1]As noted below, the *Griffith* court did address this issue, albeit in a rhetorical manner because room and board expenses were not at issue in that case.

3

> Except as provided in subsection (2), personal protection insurance benefits are payable for the following:
>
> (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations *for an injured person's care, recovery, or rehabilitation*. [Emphasis added.]

*Id*.

Regarding MCL § 500.3105(1), the Court stated that "a no-fault insurer is liable to pay benefits only to the extent that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident." *Id*. at 531. The Court then explained that plaintiff could not meet this requirement:

> Plaintiff does not claim that her husband's diet is different from that of an uninjured person, that his food expenses are part of his treatment plan, or that these costs are related in any way to his injuries. She claims instead that Griffith's insurer is liable for ordinary, everyday food expenses. As such, plaintiff has not established that these expenses are "for accidental bodily injury ...."

In the present case, as in *Griffith*, Plaintiff cannot show that Roger Dowadait's alleged room and board and other living costs are any different than those of an uninjured person. Accordingly, Plaintiff's requested expenses are not compensable under *Griffith* because the expenses are not causally connected to an "accidental bodily injury . . . ." *Id*. at 532.

    2.    MCL § 500.3107(1)(a)

Even if Plaintiff's requested room and board expenses were compensable under MCL § 500.3105, an insurer would be liable for these expenses only if they were also "allowable expenses" under MCL 500.3107(1)(a). *Id*. That section states that "allowable expenses" are those which are "reasonably necessary" for an injured person's "care, recovery, or rehabilitation." *Id*. In *Griffith*, the Court examined whether food is reasonably necessary for the "care, recovery, or rehabilitation" of an injured person. After extensively analyzing this phrases's meaning, the Court concluded that the word "care" must not be interpreted so broadly as to render the other terms as surplusage, and that accordingly, "'care' must be related to the insured's injuries." *Id*. The Court then concluded that the plaintiff's food costs were "completely unrelated" to his "care, recovery, or rehabilitation."

*Id*. at 536. The Court explained that "[u]nlike prescription medications or nursing care, the food that Griffith consumes is simply an ordinary means of sustenance rather than a treatment for his 'care, recovery, or rehabilitation.'" *Id*.

In the present case, as in *Griffith*, Plaintiff has failed to present evidence that Mr. Dowadait's room and board are related to his "care, recovery, or rehabilitation." Instead, Plaintiff's scenario is precisely the type envisioned by the Court in *Griffith*. Mr. Dowadait's room and board and other living costs are ordinary daily costs which he would incur regardless of whether he was injured. The *Griffith* Court rhetorically addressed a similar scenario:

> This reasoning can be taken a step further when considering the costs of items such as an injured person's clothing, toiletries, and even housing costs. Under plaintiff's reasoning, because a hospital provided Griffith with clothing while he was institutionalized, defendant should continue to pay for Griffith's clothing after he is released. The same can be said of Griffith's toiletry necessities and housing costs. While Griffith was institutionalized, defendant paid his housing costs. Should defendant therefore be obligated to pay Griffith's housing payment now that he has been released when Griffith's housing needs have not been affected by his injuries?

*Id*. at 539. As the *Griffith* court's answer to this question is clearly "no" and because this Court must follow *Griffith*, the Court finds that Plaintiff's requested expenses are not compensable under MCL § 500.3107(1)(a).

Under *Griffith*, MCL § 500.3107(1)(a) was not enacted as a wage-loss benefit. The majority explained that plaintiff's requested reimbursement was "essentially seeking a wage-loss benefit," but that plaintiff's construction was "strongly undermined by the Legislature's express provision for, and limitation on, wage-loss benefits in § 3107(1)(b)." *Id*. at 540. Because this rationale is also applicable to the present facts, Plaintiff's requested expenses do not qualify as recoverable expenses under the No-Fault Act.

Though Plaintiff's position is not supportable under the majority's holding, Plaintiff does find support in the dissenting opinions of Justice Weaver and Justice Kelly. Justice Weaver asserts that there is

> no principled basis for deciding that food provided at home is not as much an "allowable expense" as the food provided in a licensed medical care facility. Where a person who normally would require institutional treatment is cared for at home in

5

> a quasi-institutional setting made possible by the love and dedication of the injured victim's family, the test for "allowable expenses" should not differ from that set out in MCL § 500.3107(a).

*Griffith*, at 541-42 (Weaver dissenting) (quoting Justice Boyle in *Manley v. DAIIE*, 425 Mich. 140 (1986)). Justice Kelley argues that the Legislature intended the No-Fault Act to be construed liberally in favor of the insured and that the majority's interpretation is irrational.

> The majority believes that food provided in the hospital qualifies as a benefit under the act. However, under its reading of § 3105, food would be excluded: the need of it does not arise from the injury. The majority explains that, in an institution, one has little choice what food is served. But it fails to explain how that fact transforms hospital food into an expense arising from an accident.

*Griffith*, at 545 (Kelley dissenting). Justice Kelley also observes that the ***only*** difference in plaintiff's care in *Griffith* was that he was receiving it at home as opposed to in an institution, but that under the majority's opinion this difference required a different result under the No-Fault Act. Though this Court believes that the dissents' arguments offer support to Plaintiff's position, it is not for this Court to apply them. Instead, the Court must apply the *Griffith* majority's interpretation of the No-Fault Act to the present facts.

In conclusion, the Court finds that *Griffith* is applicable to Plaintiff's request for room and board expenses. Mr. Dowadait would have had room and board expenses regardless of his injuries. Section 3107(1)(a) does not provide compensation for such expenses, but only for those related to her "care, recovery, or rehabilitation." Because Plaintiff has presented no evidence that the requested expenses were related to Mr. Dowadait's "care, recovery, and rehabilitation," the Court finds that Plaintiff's requested expenses for room and board are not "allowable expenses" pursuant to MCL 500.3107(1)(a). Accordingly, Plaintiff's claims for room and board expenses are hereby dismissed.

**B.    One-Year Back Rule**

The second issue the Court must revisit is how the one-year back rule under the Michigan No-Fault Act applies to this case following the Michigan Supreme Court's recent decision in *Devillers v. Auto Club Ins. Assoc.*, 473 Mich. 562 (2005). Because this question is one of statutory

6

interpretation, it is a question of law.  *See Jenkins, supra*.

In *Devillers*, the Michigan Supreme Court (again, in a sharply divided 4-3 decision) clearly and unequivocally held that, as MCL § 3145(1) provides, a claimant "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the suit was commenced." *Devillers*, 473 Mich. at 564, 586.  The *Devillers* court also clearly held that the judicial tolling doctrine applied in *Lewis v. DAIIE*, 426 Mich. 93 (1986), and its progeny (including *Johnson v. State Farm Mut. Auto. Ins. Co.*, 183 Mich.App. 752 (1990)) "contravenes this plain statutory directive and ignores almost a century of contrary precedent, [and] it is hereby overruled." *Devillers*, 473 Mich. at 564.  Finally, the *Devillers* court held that its decision was to be given retroactive effect and is applicable to all pending cases in which a challenge to *Lewis*'s judicial tolling approach has been raised and preserved.

In the matter before this Court, the Court previously held that the rule set forth in *Lewis* (and *Johnson*), as the law of the State of Michigan at the time of this Court's decision, controlled the issue of the one-year back rule.  Accordingly, the Court previously ruled in Plaintiff's favor and denied Defendant's arguments that, even if Plaintiff had a viable claim, such claim was barred for any period prior to February 18, 2003 (which was one year before this lawsuit was filed).  Of course, this Court continues to be bound to apply the Michigan Supreme Court's interpretation of Michigan statutes. *Allstate Ins. Co. v. Thrifty Rent-A-Car Systems, Inc.*, 249 F.3d 450, 454 (6th Cir. 2001).  Therefore, in light of the Michigan Supreme Court's holding that *Lewis* and *Johnson* are expressly overruled, this Court now must apply the rule of *Devillers* to the facts of this case.

In *Devillers*, the edict of the Michigan Supreme Court was that the one-year back rule applies to claims for no-fault personal protection insurance benefits.  Moreover, the *Devillers* decision applies retroactively "to all pending cases in which a challenge to *Lewis*'s judicial tolling approach has been raised and preserved."  The Court recognizes that Defendant's challenge to the *Lewis* judicial tolling approach was raised and preserved in this Court.  Accordingly, as Plaintiff's claims in this case were for no-fault personal protection insurance benefits, the Court would be obligated

7

by *Devillers* to bar Plaintiff's claims for any period prior to February 18, 2003, if there were no other factors for the Court to take into account, namely fraud.

In *Devillers*, the Michigan Supreme Court noted that the plaintiff presented no "allegation of fraud, mutual mistake, or any other 'unusual circumstance'" that would serve to invoke the Michigan Supreme Court's equitable power. *Id.* at 591. As addressed previously, Plaintiff has alleged that Defendant engaged in fraud, and this Court found that there was sufficient evidence of fraud to overcome Defendant's Motion for Summary Judgment. Accordingly, the Court concludes that its equitable powers are not limited by *Devillers* with respect to Plaintiff's fraud allegations, including those that would toll the one-year back rule under MCL § 500.5855.

The Court notes that there was evidence of two separate areas of alleged fraud which the Court held enabled Plaintiff to overcome the one-year back rule under MCL § 500.5855: (1) alleged fraud related to the room and board benefits to which Mr. Dowadait was entitled; and (2) alleged fraud related to the attendant care services provided by Mrs. Dowadait. Pursuant to the Michigan Supreme Court's decision in *Griffith,* the Court must reverse its ruling regarding the viability of Plaintiff's fraud claim with respect to room and board benefits. As the *Griffith* decision makes clear, Mr. Dowadait was not entitled to room and board benefits once he was sent home. As Mr. Dowadait was not eligible for room and board benefits once he returned home, Defendant could not have acted fraudulently in refusing to pay such benefits. Accordingly, the Court holds that Plaintiff's allegations of fraud related to room and board benefits cannot serve to overcome the one-year back rule as interpreted by the *Devillers* court.

Plaintiff's claims of fraud with respect to Defendant's payment for the attendant care services provided to Mr. Dowadait by Mrs. Dowadait, however, are not controlled by the *Griffith* decision (or the *Devillers* decision). Moreover, the issue of fraud was not among the reasons the Court stayed this case, and the Court has addressed the effect of the fraud allegations on the one-year back rule with respect to attendant care services on two previous occasions (Defendant's Motion for Summary Judgment and Defendant's Motion for Reconsideration). Accordingly, the Court will not revisit the

Court's ruling that MCL § 500.5855 would serve to toll the one-year back statute with respect to Plaintiff's claim for payment for attendant care services.

**C.     Plaintiff's Intentional Infliction of Emotional Distress and Fraud Claims**

The Court previously held that Plaintiff's claims of intentional infliction of emotional distress and fraud were viable with respect to both Defendant's denial of room and board benefits and Defendant's denial of fair market value for attendant care services rendered. For the reasons set forth in Section III.A. above, the Court holds that Defendant cannot be liable for intentional infliction of emotional distress or fraud with related to Defendant's denial of room and board benefits because Plaintiff was not entitled to them under *Griffith*. Accordingly, the Court holds that Plaintiff's intentional infliction of emotional distress and fraud claims related to room and board benefits must be and are hereby dismissed.

As set forth in Section III.B. above, however, the Court finds that nothing in the *Griffith* or *Devillers* decisions bears on Plaintiff's intentional infliction of emotional distress and fraud claims with respect to Defendant's denial of fair market value for attendant care services provided. As such, the Court will not revisit the viability of Plaintiff's claims on these issues. The Court's prior rulings denying Defendant's Motion for Summary Judgment with respect to Plaintiff's claims of intentional infliction of emotional distress and fraud related to payment of attendant care services shall stand.

**D.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself. *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Therefore, to the extent that Defendant's motion asks the Court to resolve issues of subject matter jurisdiction, it is timely. Defendant asserts that the attendant care claims in this case were always claims personal to Mrs. Dowadait and not claims of the named Plaintiff (i.e., the Estate of Roger Dowadait). Defendant believes that Mrs. Dowadait's failure to bring a claim on her own behalf as a creditor bars any claim she could have in this matter. Defendant also asserts that there is no basis for the Plaintiff to have

claims against Defendant because Mr. Dowadait received all the care that he required and that the care was not lacking in any fashion.  Defendant next argues that the Estates & Protected Individuals Code, MCL 700.3803, requires creditors to present claims against the estate within four months of notices being sent out to creditors and Mrs. Dowadait did not do this.

Having reviewed Defendant's brief, the Court is not persuaded that the issues before the Court are issues of subject matter jurisdiction.  Rather, Defendant has asserted a number of arguments that, *if accepted by the Court*, could ultimately render subject matter jurisdiction null and void in this case.  In essence, Defendant is asking the Court to examine a number of laws and determine whether Plaintiff or Mrs. Dowadait has the right to collect for attendant care services.  Then, if Mrs. Dowadait (as opposed to Plaintiff) is the proper party, Defendant asks the Court to exclude her from this lawsuit because she did not follow some procedural rules.

The Court notes that since the day this case was filed, Plaintiff (and not Mrs. Dowadait) has been the named party seeking to recover for attendant care services and for room and board.  To the extent there is a dispute as to Plaintiff's right to recover for attendant care services, the Court finds that to be an issue of a substantive nature that is ordinarily and appropriately brought in a motion for summary judgment.  The dispositive motion cut-off date in this case was January 3, 2005, approximately 16 months before Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction.  As such, Defendant's motion is untimely.

Next, Defendant argues that this Court stayed the matter in June 2005, however, Defendant misinterprets the purpose of the stay.  The Court granted the stay only to allow the Michigan Supreme Court to render decisions in two seminal cases; it was not to allow the parties to continue to file motions.  Finally, the Court believes that any expenses incurred for care as a result of Mr. Dowadait's injuries were expenses of Mr. Dowadait (and subsequently his estate).  Therefore, any expenses claimed are claims of the insured, Mr. Dowadait, and not claims of his caregivers (in this case, Mrs. Dowadait).

Accordingly, for the reasons stated above, the Court DENIES Defendant's Motion to

Dismiss for Lack of Subject Matter Jurisdiction.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's claims for No-Fault Benefits, Fraud and Intentional Infliction of Emotional Distress related to payment of attendant care services shall continue in this Court.  All of Plaintiff's other claims, including Plaintiff's claims for No-Fault Benefits, Fraud and Intentional Infliction of Emotional Distress stemming from Defendant's denial of room and board benefits, are hereby DISMISSED.  In addition, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 18, 2006.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290