**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIMBERLY DOWADAIT,
as Personal Representative of the Estate			CASE NO. 04-CV-71124-DT
of ROGER DOWADAIT, Deceased,				         HON. LAWRENCE P. ZATKOFF

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

**OPINION AND ORDER and**
**NOTICE OF FINAL PRE-TRIAL CONFERENCE**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 13, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's second Motion for Reconsideration (Docket #77) filed in this case. The Court finds that the facts and legal arguments pertinent to the issues before the Court are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the issues be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion for Reconsideration is DENIED.

**II. BACKGROUND**

The facts pertinent to the issues discussed herein are set forth in detail in the Court's Opinion

and Order dated May 9, 2005, wherein the Court first granted in part and denied in part Defendant's Motion for Summary Judgment. Upon Defendant's initial Motion for Reconsideration (as well as miscellaneous other motions), the Court issued a second Opinion and Order in which the Court denied Defendant's Motion for Reconsideration but stayed the proceedings in this Court pending decisions by the Michigan Supreme Court in two cases that were represented to be dispositive of the key issues facing this Court, *i.e.*, the cases of *Griffith v. State Farm Mut. Auto. Ins. Co.* (addressing reimbursement for room and board expenses) and *Devilliers v. ACII* (addressing the "one-year back rule"). After the Michigan Supreme Court rendered its decisions in those cases, this Court issued another Opinion and Order on August 18, 2006, wherein it dismissed Plaintiff's claims related to room and board benefits and retained Plaintiff's claims related to payment of attendant care services. Defendant then filed the instant Motion for Reconsideration, this time relying on a third Michigan Supreme Court decision handed down only days prior to the Court's August 18, 2006, ruling.

### III.  OPINION

On July 28, 2006, the Michigan Supreme Court issued its decision in *Cameron v. Auto Club Ins. Assoc.*, 476 Mich. 55 (2006), holding that MCLA §500.3145(1) is both a statute of limitation and a cap on the damages an insured is entitled to receive under the No-Fault Act. In other words, if a plaintiff files a lawsuit more than one year after the date of the accident, a plaintiff can only seek damages under the No-Fault Act for expenses incurred in the 12 month period prior to filing his or her lawsuit. *Id.* at 62.

The *Cameron* court analyzed this issue in the context of the minority/insanity tolling provision in MCLA §600.5851(1), but this Court finds that the same analysis would apply to the fraud tolling provision in MCLA §600.5855. Of course, this is the same conclusion the Court reached in its August 18, 2006, Opinion and Order. *See* Opinion and Order, at 7-8. As the Court has concluded on several occasions, MCLA §600.5855 operates to toll the one-year back rule with respect to claims for payments for attendant care services. Neither the *Devillers* decision nor the

*Cameron* decision changes that analysis.

As the *Devillers* court stated, the plaintiff in *Devillers* (unlike the Plaintiff in this case) did not allege "fraud, mutual mistake, or any other 'unusual circumstance'" that would serve to invoke a court's equitable power. *Devillers v. Auto Club Ins. Assoc.*, 473 Mich. 562, 591 (2005). The *Cameron* court did not qualify that statement nor address the issue of fraud in any manner in rendering its opinion. As this Court stated in its August 18, 2006, Opinion and Order

> Plaintiff has alleged that Defendant engaged in fraud, and this Court found that there was sufficient evidence of fraud to overcome Defendant's Motion for Summary Judgment. Accordingly, the Court concludes that its equitable powers are not limited by *Devillers* with respect to Plaintiff's fraud allegations, including those that would toll the one-year back rule under MCL § 500.5855.

After having reviewed the *Cameron* decision, the Court believes that nothing in that decision changes the conclusions reached by the Court in its August 18, 2006, Opinion and Order.

To be clear, the Court concludes that MCLA §600.5855 tolls the period of time during which Plaintiff was entitled to bring his claim for attendant care services and, as such, his claim was timely filed. Any claim for damages for attendant care services under the No-Fault Act will be limited to expenses incurred by Plaintiff on or after February 18, 2003, as the *Cameron* decision clearly dictates. Plaintiff's claim for damages *vis a vis* his allegations of fraud are not, however, similarly restricted to that one-year back period.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion for Reconsideration is DENIED. **The parties are hereby notified that they are to appear for the Final Pre-Trial Conference in this case on Tuesday, April 5, 2007, at 10:30 a.m.**

IT IS SO ORDERED.

                                                           s/Lawrence P. Zatkoff
                                                           LAWRENCE P. ZATKOFF
                                                           UNITED STATES DISTRICT JUDGE

Dated: March 13, 2007

## CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 13, 2007.

              s/Marie E. Verlinde
              Case Manager
              (810) 984-3290