**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KIMBERLY DOWADAIT,

    Plaintiff,

v.                                            Case Number: 04-cv-71124

STATE FARM MUTUAL INSURANCE CO.,

    Defendant.
                                          /

**ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pending before the court is Defendant State Farm Mutual Insurance Company's "Motion for Partial Judgment on the Pleadings," seeking to dismiss Counts III and IV of Plaintiff's Second Amended Complaint. The matter has been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons below, the court will grant Defendant's motion.

**I. BACKGROUND**

Since the time this lawsuit was filed in March of 2004, and including the present motion, Defendant has filed one motion for summary judgment, one motion to dismiss, and two motions for judgment on the pleadings. As a result, there has been substantial recitation of the factual background which need not be repeated here. (5/9/05 Order at 2-3.) For the purposes of the current motion, it is sufficient to note that Plaintiff seeks damages for, among other causes of action, what is alleged to be Defendant's

fraudulent concealment of the proper pay rate for the home attendant care Plaintiff[1] provided her husband following a traffic accident.

The matter was stayed in June of 2007 pending the Michigan Supreme Court's consideration of similar issues in *Cooper v. Auto Club Inc. Ass'n*, 751 N.W.2d 443 (Mich. 2008). After *Cooper* was decided in 2008, this matter was resumed and eventually reassigned from Judge Lawrence P. Zatkoff to this court on January 22, 2009. (1/22/09 Order.) Defendant's pending motion seeks to have the court dismiss two of the four counts contained in Plaintiff's second amended complaint. Specifically, Defendant seeks dismissal of Plaintiff's Count III, "Fraud," and Count IV "Fraud - Cooper versus ACIA." (Def.'s Mot. at 1.) Defendant argues that Plaintiff cannot prove the reliance aspect needed to support her fraud claims, and thus those claims should be dismissed under either Federal Rule of Civil Procedure 12(b)(6) or 12(c). (*Id.* at 1, 16.) In the alternative, Defendant states that Plaintiff has not provided sufficient facts to support a fraud claim as required under Federal Rule of Civil Procedure 9(b). (*Id.* at 1.) Plaintiff has responded to both arguments.

## II. STANDARD

Although Defendant's motion seeks relief under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the parties have presented evidence outside the pleadings. (*See, e.g.,* Kimberly Dowadait's Deposition, Def.'s Mot., Ex. A.) Because this court does not reject the evidence, Defendant's motion is automatically converted into one for summary judgment brought pursuant to Federal Rule of Civil Procedure 56. Fed. R.

---

[1] Plaintiff Kimberly Dowadait is the Personal Representative of the Estate of Roger Dowadait, her husband, now deceased.

Civ. P. 12(d); *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006) ("[W]e have never held that consideration [of outside evidence] . . . was required under Rule 12(c) for conversion to a motion for summary judgment . . . the plain language of Rule 12(c) . . . only requires the presentation of matters outside the pleadings and the district court's failure to exclude such matters."); *see also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Therefore, to the extent Defendant's motion seeks relief under Federal Rule of Civil Procedure 12(b)(6) or 12(c), it is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56.

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III.  DISCUSSION

#### A.  Consolidating Plaintiff's Counts III and IV

Both Plaintiff's initial and first amended complaint contained the identical Count III, entitled "Fraud." (3/26/04 Not. of Removal at 20; Pl.'s Amend. Compl. at 13.)

Pending the decision of the Michigan Supreme Court in *Cooper*, the court stayed this action on June 7, 2007.  (6/7/08 Order.)  After that decision was rendered one year later, the court allowed Plaintiff to file a second amended complaint.  (Pl.'s 8/18/08 Amend. Compl.)  In her second amended complaint, Plaintiff has added an additional count, entitled "Fraud - Cooper versus ACIA."  (*Id.* at 14.)  Presumably, this new Count IV was intended to bring Plaintiff's complaint in compliance with the *Cooper* court's discussion of the required elements of a fraud cause of action under Michigan law.  *See Cooper*, 751 N.W.2d at 448, 451-52.  Beyond providing additional detail, however, Plaintiff's Count IV arises from the same set of facts and events that supported her prior Count III.  As such, the court will construe Plaintiff's Counts III and IV as a single count for fraud, composed of the allegations contained under both counts.

## B.  Reliance Factor

Defendant argues, in a variety of ways, that Plaintiff cannot establish the requisite elements of her fraud claim.  Among Defendant's arguments, there is but a single issue that merits the court's attention, as it is dispositive.  Specifically, Defendant argues that, because Plaintiff was represented by counsel throughout the claims process, she cannot establish the reliance element of her fraud claim.  (Def.'s Mot. at 14.)

As recently reiterated by the Michigan Supreme Court in *Cooper*, a remarkably similar case[2] – indeed, the very case for which this matter was stayed, pending its resolution – an actionable fraud claim requires an insured to demonstrate:

> (1) That [the insurer] made a material representation; (2) that it was false; (3) that when [the insurer] made it [the insurer] knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that [the insurer] made it with the intention that it should be acted upon by [the] plaintiff; (5) that [the] plaintiff acted in reliance upon it; and (6) that [the plaintiff] thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

*Cooper*, 751 N.W.2d at 448 (quoting *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976)). Because the *Cooper* court held that a fraud claim is a separate cause of action and is "not limited by the one-year-back rule[3] of the no-fault act," such a claim could be used by an unscrupulous plaintiff to drastically expand the

---

[2] The case involved a mother, as representative to her brain-damaged daughters, who brought suit alleging her insurance company had defrauded her into accepting a lower rate of compensation for the at-home attendant care she provided her daughter. *Cooper*, 751 N.W.2d at 445.

[3] Commonly referred to in insurance claim litigation as the one-year-back rule, Mich. Comp. Laws § 500.3145(1) specifies that:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Mich. Comp. Laws § 500.3145(1); *see also Cooper*, 751 N.W.2d at 447.

6

temporal scope of its insurance claims, and thus the *Cooper* court cautioned that "trial courts should exercise special care in assessing . . . fraud claims." *Cooper*, 751 N.W.2d at 451. "In particular, courts should carefully consider in this context whether insureds can satisfy the reliance factor." *Id.* As part of that consideration, the court must be assured that a plaintiff's reliance on an insurer's representations was reasonable. *Id.* Reliance is not reasonable where the insured "has full knowledge to the contrary of a representation." *Id.* (quoting *Montgomery Ward & Co. v. Williams*, 47 N.W.2d 607, 611 (Mich. 1951)). Full knowledge of a false representation also encompasses information that the insured had the means of knowing. *Cooper*, 751 N.W.2d at 452; *see also Nieves v. Bell Indus., Inc.*, 517 N.W.2d 235, 238 (Mich. Ct. App. 1994). Thus, if the representation "did not involve information or facts . . . exclusively or primarily in the control of [a] defendant," *Johnson v. Wausau Ins. Co.*, -- N.W.2d --, 2009 WL 763426 (Mich. Ct. App. May 19, 2009) (per curiam), than a plaintiff likely cannot establish reasonable reliance. This can be especially true where an insured had explicit means of acquiring contrary information, such a through "consultation with a lawyer[] to determine whether [the insurer's] representation was true." *Id.*

Plaintiff's second amended complaint alleges that Defendant had significant knowledge of its own legal responsibilities (8/18/08 Compl. at ¶¶ 44, 53, 70, 71, 73), but does not provide the source of Defendant's knowledge. Plaintiff's current response argues Defendant's knowledge either sprung from, or is reflected in, a document Defendant provided during discovery. (Pl.'s Resp. at 7.) The document, which was contained in Plaintiff's case file (*id.*), details Michigan case law on the subject of at-home attendant care (*id.*, Ex. B). Upon inspection, the document appears to be some

form of a legal treatise on in-home care under Michigan law, and features three handwritten notes. (*Id.*, Ex. B.) Plaintiff contends it is these handwritten notes that prove Defendant had superior knowledge of Michigan case law – knowledge that was never communicated to Plaintiff:

> [T]his document was contained within Defendant's own case file . . . and references the fact that Defendant . . . was aware of Michigan Case Law . . . [which] does in fact hold that Plaintiff is entitled to receive reasonable market rates.[4] Defendant's own documentation with handwritten notes . . . clearly evidences a knowledge on the part of the Defendant of this entitlement and the failure to pay it is evidence of fraud.

(*Id.* at 8.) Defendant does not admit that Plaintiff was entitled to "market rates," but instead argues that "the negotiations regarding the rate of pay for attendant care involved the [Plaintiff's] attorney . . . [f]rom almost the date of the accident." (Def.'s Mot. at 14.) Thus, Defendant avers, Plaintiff's counsel, "knew or should have known about the . . . 'market rate' . . . which she would have or should have told to [Plaintiff.]" (*Id.* at 15.)

Despite Plaintiff's objection that "Defendant has presented no evidence . . . that [Plaintiff] was represented by counsel for the purpose of obtaining first party no fault benefits" (Pl.'s Resp. at 14), there is evidence that Plaintiff, as the representative of her husband's estate, retained an attorney nearly from the time of the accident on May 12, 1995. For example, Defendant's current motion references a May 30, 1995 letter from Plaintiff's counsel to State Farm, in which Plaintiff's counsel writes, "[p]lease be advised

---

[4]The court specifically does not determine the accuracy of Plaintiff's legal conclusion. For the purposes of this motion, however, the court assumes Plaintiff was entitled to market rates – which might render some of Defendant's alleged statements objectively false – but does nothing to affect the reasonableness of Plaintiff's reliance, as analyzed below.

that I have been retained to represent [Plaintiff's husband] regarding the auto accident of May 12, 1995."[5] Further, Defendant's employee sent a letter dated May 17, 1995, which was sent "care of" Plaintiff's attorney. (Def.'s Mot., Ex. 3.) Finally, Plaintiff includes a copy of the account activity log, as maintained by Defendant, in which a September 9, 2003 entry lists Plaintiff as having the same attorney representative. (Pl.'s Resp., Ex. L.) Plaintiff does not now argue that she was not represented from the time of accident, but instead avers that Defendant provides insufficient proof of any representation. (*Id.* at 14.) The record supports Defendant's contention that Plaintiff was represented, at the latest, eighteen days after Plaintiff's husband's accident.[6]

Beyond that, Plaintiff argues that Defendant must prove that Plaintiff's counsel "believed [Plaintiff was] not entitled to market rates or that [the attorney] did know that the [sic] were entitled to market rates" or show that there was an active negotiation between Defendant and Plaintiff's counsel. (*Id.*) The court cannot read the *Johnson* court's plain language to propose such requirements. The *Johnson* court was clear that, where a plaintiff "had means, i.e. [through] consultation with a lawyer," of obtaining the information, and the information was not withheld or otherwise unavailable to a plaintiff's counsel, the reliance aspect of a fraud claim is lacking. *Johnson*, -- N.W.2d --,

---

[5]Though Defendant did not attach the referenced letter to its current motion, it was attached to its January 3, 2005 motion for summary judgment, as Exhibit A, and is therefore part of the record evidence.

[6]Moreover, the *Johnson* court did not require the actual retention of an attorney to evaluate the reasonableness of a plaintiff's reliance, instead focusing on whether a plaintiff "had means, i.e., consultation with a lawyer." *Johnson*, -- N.W.2d --, 2009 WL 763426. Certainly, if Plaintiff was represented in 1995 and 2005 (and quite possibly at all times between, which she does not dispute), she, at minimum, "had means" to consult a lawyer in evaluating Defendant's statements.

9

2009 WL 763426. Plaintiff has supported her fraud claim, and Defendant's knowledge of any misrepresentations, with a legal treatise contained in her case file. (Pl.'s Resp at 7, Ex. B.) A treatise, as a collection of case law on a particular subject, is within an attorney's ability to procure. And Plaintiff does not allege that her counsel was somehow prevented from exploring the relevant case law, including such a treatise, in researching Plaintiff's claims. As such, and in light of the *Johnson* court's direction,[7] the court finds there is no genuine issue of fact as to whether Plaintiff can demonstrate the reasonable reliance required to sustain her fraud claim, and thus it fails as a matter of law.

### C. Particularity of Fraud Claim

---

[7]The court notes that there is some, albeit non-binding, disagreement with the *Johnson* court's recent holding:

> I do not agree with the *Johnson* opinion because I believe that it places an unreasonable burden on individuals who are relying on insurance agents for accurate information. While it may technically be true that a person receiving information from an insurance company concerning benefits payable for attendant-care services is able to verify the accuracy of the information through consultation with an attorney, I do not believe that such a consultation should be a required step in the claims-handling process . . . I would welcome the convening of a conflict panel to reassess the decision in Johnson.

*Strozewski v. Auto Club Ins. Assoc.*, 2009 WL 1506896, *6 (Mich. Ct. App. May 28, 2009) (Meter, J., dissenting in part). Until such time as a conflict panel or the Michigan Supreme Court rejects *Johnson*, its holding is binding precedent as to the state law elements of fraud, and the court will follow the clear precedent. Such a course of action is dictated by the long-standing *Erie* doctrine, which requires that the court apply the same substantive law as would have been applied if the action had been brought in a state court of the jurisdiction where the federal court is located, in actions brought in federal court invoking diversity jurisdiction. *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007) (citing *Equitable Life Assurance Soc'y of the U.S. v. Poe,* 143 F.3d 1013, 1016 (6th Cir. 1998)).

Because the court concludes Plaintiff does not create a triable issue of material fact as to an essential element of her fraud claim, the court need not reach Defendant's argument that Plaintiff has not provide sufficient particularity to plead a claim of fraud under Federal Rule of Civil Procedure 9(b).

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion for Partial Judgment on the Pleadings" [Dkt. # 107] is GRANTED.  Plaintiff's Counts III and IV, construed as a single count alleging fraud, are DISMISSED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 17, 2009, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522